|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT      |   | EASTERN DISTRICT OF TEXAS    |

| | | |
|---|---|---|
| ABE COFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:12-CV-420 |
| | § | |
| DOLE FRESH FRUIT COMPANY and | § | |
| CHEVRON PORT ARTHUR | § | |
| LUBRICATION PLANT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Abe Coffman's ("Coffman") Motion to Remand (#6). Coffman argues that the court lacks subject matter jurisdiction over this action because Defendant Dole Fresh Fruit Co. ("Dole") did not obtain consent from Chevron Products Company ("Chevron") to remove the case to federal court. Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that remand is warranted.

I. Background

On September 11, 2011, Coffman filed his original petition in the 60th Judicial District Court of Jefferson County, Texas, asserting claims for negligence against Dole and Chevron Port Arthur Lubrication Plant. Chevron's counsel, however, informed Coffman that the Port Arthur plant is not a separate entity. Coffman amended his petition to identify the defendant as Chevron, U.S.A., but did not alter the jurisdictional facts stating that Chevron is a Texas corporation. Chevron filed a general denial and asserted that the proper defendant is actually Chevron Products Company, a Pennsylvania corporation, with its principal place of business in the State of

California. It is undisputed that Coffman is a citizen and resident of the State of Texas. Dole is a Nevada corporation, with its principal place of business in the State of California.

On August 27, 2012, after discovering the true citizenship of Chevron, Dole removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. On September 26, 2012, Coffman filed a motion to remand the case to state court, contending that Chevron did not consent to the removal of the case. In response, Dole asserts that Chevron, in fact, consented to removal by filing its answer without opposing the removal or challenging the jurisdiction of the court. In the alternative, Dole contends that because Chevron was fraudulently joined as a defendant to defeat diversity, its consent was not required for removal.

II.　　Analysis

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 130

2

S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear*

*Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723. In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001). Complete diversity requires that no plaintiff be a

citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

    A.    Consent to Removal

        1.    General Rule

The procedure for effectuating removal is set forth in 28 U.S.C. § 1446.[1] *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *see In re 1994 Exxon Chemical Fire*, 558 F.3d at 391; *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *City of Clarksdale v. BellSouth Telcomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

---

[1] In December 2011, § 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") to, *inter alia*, clarify the procedural requirements for removal. *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 3:12-CV-300, 2012 WL 2680667, at *2 (N.D. Tex. July 5, 2012); *see* Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-61 (Dec. 7, 2011). The amendment became effective on January 6, 2012. *See* Pub. L. No. 112-63, § 105(d), 124 Stat. 758, 762. All cases filed prior to the effective date are governed by the pre-amendment statute. *See John M. Floyd & Assocs., Inc. v. Fiserv Solutions, Inc.*, No. 4:11-CV-306, 2012 WL 405485, at *1 (E.D. Tex. Feb. 8, 2012) (noting that the amendments "apply only to any actions commenced on or after January 6, 2012"). Because Coffman filed the instant action on September 11, 2011, the JVCA amendments do not apply.

process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). While not stated explicitly in the statute, removal generally requires the joinder or consent of all the named and served defendants. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002). The courts have construed the governing statute to mean that "if there is only one defendant then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). Hence, although "[t]here is no express statutory requirement for joinder or consent by codefendants . . . the case law firmly establishes this requirement, which is known as the 'rule of unanimity.'" *Spillers v. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997) (quoting *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F. Supp. 1236, 1237 (N.D. W.Va. 1993)); *see Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *Palermo v. LeTourneau Techs., Inc.*, 542 F. Supp. 2d 499, 504 (S.D. Miss. 2008).

The United States Court of Appeals for the Fifth Circuit has held that there must be a timely filed, written indication from each served defendant, or from some person purporting to act formally on the defendant's behalf and with the authority to do so, confirming that the defendant has actually consented to removal. *See Gillis*, 294 F.3d at 759; *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Extreme Outdoors Ltd. v. Gary Yamamoto Custom Baits, Inc.*, No. H-08-1259, 2008 WL 2810874, at *4 (S.D. Tex. July 21, 2008); *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 640 (S.D. Miss. 2001); *Spillers*, 959 F. Supp. 2d at 369. "Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court

no later than thirty days from the day on which the first defendant was served." *Spillers*, 959 F. Supp. 2d at 368; *see also Gillis*, 294 F.3d at 759; *Smith*, 187 F. Supp. 2d at 640. Under the general rule, the failure to include all defendants properly joined and served in the state action renders the notice of removal defective. *See Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 165 (N.D. Tex. 1994).

District courts within the Fifth Circuit have closely adhered to the requirements espoused in *Getty Oil Corp.* and § 1446. *See, e.g.*, *Louisiana v. Aspect Energy, LLC*, No. 2:11-CV-489, 2011 WL 3759754, at *2-3 (W.D. La. Aug. 23, 2011); *Extreme Outdoors Ltd.*, 2008 WL 2810874, at *4-5; *Rodriguez v. Nat'l R.R. Passenger Corp.*, 483 F. Supp. 2d 553, 558 (W.D. Tex. 2007). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation and citation omitted). "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Mem. Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D. Miss. 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Here, Dole contends that Chevron's post-removal actions, including filing an answer and opposing the motion to remand, demonstrate consent for removal. Courts, however, have regularly rejected the argument that consent is evidenced by filing an answer. *See, e.g.*, *Spoon v. Fannin Cnty. Comm. Supervision & Corr. Dept.*, 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011)

(rejecting defendant's argument that the filing of a motion to dismiss after removal was sufficient to evidence consent); *Grigsby v. Kansas City S. Ry. Co.*, No. 12-CV-776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012) ("The mere filing of an answer does not constitute an expression of consent."); *Snead v. Woodbine Prod. Co.*, No. 08-1301, 2008 WL 4610236, at *2 ("While it is true that [Defendant] filed a timely answer to the plaintiff's complaint and that it did not object to the removal with that answer, [Defendant] did not timely file any document expressly consenting to removal."). Moreover, any consent denoted by Chevron's opposition to remand, which was filed outside of the thirty-day time period, is untimely. Therefore, Chevron did not consent to removal.

2. Exception to General Rule

Under recognized exceptions to the general rule, however, all defendants need not join in the notice of removal when: (1) the case is governed by § 1441(d) in which defendants who are foreign states, instrumentalities, or entities thereof wish to remove (*Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1377-78 (5th Cir. 1980)); (2) the non-joining defendant is merely a nominal or formal party (*Farias*, 925 F.2d at 871; *Johnson*, 892 F.2d at 423); (3) the co-defendant is a federal officer (28 U.S.C. § 1442(a)); (4) the removed claim is separate and independent under 28 U.S.C. § 1441(c) (*Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988)); or (5) the defendant was improperly or fraudulently joined (*Jernigan*, 989 F.2d at 815).

The Fifth Circuit has held that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). "The removing

party has the burden of establishing improper joinder by showing: Plaintiff's inability to establish a claim under state law against the non-diverse defendant [(the "claim route")]; or actual fraud in pleading jurisdictional facts [(the "actual fraud route")]." *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2004); *accord Smallwood*, 385 F.3d at 573.

Dole contends that because its removal was based on fraudulent joinder, Chevron's consent to removal was not required. Dole's assertion of fraudulent joinder is based not on Coffman's inability to establish a claim against Chevron, but rather on Coffman's mis-pleading of facts regarding Chevron's citizenship. In response, Coffman contends that his mistake in pleading the wrong Chevron defendant was not actual fraud such that fraudulent joinder occurred, thereby excusing Dole from obtaining Chevron's consent.

Few courts have addressed fraudulent joinder based on actual fraud in the pleading of jurisdictional facts. The doctrine is typically referred to as an actual or outright fraud in the pleadings. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (actual fraud); *Smallwood*, 385 F.3d at 573 (actual fraud); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (outright fraud); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (outright fraud); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) (outright fraud). In order to establish the premise that an intentional misstatement of jurisdictional facts is not required, Dole cites to cases stating that fraudulent joinder does not require a showing of any intent or motive to deceive. These cases, however, analyze and refer to the claim route of the fraudulent joinder doctrine, not the actual fraud route. For example, in *Holden v. Ill. Tool Works, Inc.*, the court focuses on "whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant."

No. H-08-2783, 2008 WL 4937597, at *2 (S.D. Tex. Nov. 17, 2008), *aff'd*, 429 F. App'x 448 (5th Cir. 2011).  Although the court mentions, in a footnote, that "'[f]raudulent joinder' does not require a showing that the plaintiff had an intent to deceive or knew that the facts alleged were false," the case cited in support of the proposition is *Poulos v. Naas Foods, Inc*. *Id*. at *2 n.1.

In *Poulos*, the 7th Circuit discusses the fraudulent joinder principle:

> When speaking of jurisdiction, "fraudulent" is a term of art.  Although false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motive. . . .  No matter what the plaintiff's intentions are, an out-of-state defendant may need access to federal court when the plaintiff's suit presents a local court with a clear opportunity to express its presumed bias—when the insubstantiality of the claim against the in-state defendant makes it easy to give judgment for the in-state plaintiff against the out-of-state defendant while sparing the in-state defendant.

959 F.2d 69, 73 (7th Cir. 1992) (citations omitted).  It is clear that motive and intent are not at issue in the claim route of fraudulent joinder.  Without addressing intent in the context of the actual fraud route, the court states that false allegations may render joinder fraudulent.  *Id*.  The discussion in *Poulos* is reiterated in other decisions, as well.  *See, e.g.*, *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 n.9 (7th Cir. 2009) ("Actual fraud in alleging jurisdictional fact will suffice to invoke the doctrine, but the more typical ground is that a plaintiff brought a claim against a nondiverse defendant 'that simply has no chance of success, whatever the plaintiff's motive.'" (quoting *Poulos*, 959 F.2d at 73)).  The court was unable to unearth any cases stating that motive and intent are irrelevant when dealing with the actual fraud route.

Finally, both parties cite to *Augustine v. Emps. Mut. Cas. Co.*, which analyzes the actual fraud route of fraudulent joinder at issue in the instant motion.  No. 2:08-CV-1102, 2010 WL 4930317, at *6-7 (W.D. La. Nov. 30, 2010).  In *Augustine*, the defendants removed the case

initially filed in state court on several grounds, including that the plaintiff mis-pleaded the citizenship of one of the defendants in the original petition. *Id.* at *6-7. The removing defendant maintained that it was not required to obtain consent from the defendant whose citizenship was incorrectly pleaded because he was improperly joined. *Id.* at *6. The court discussed whether there was "actual fraud in the pleading" and whether such fraud would excuse the consent requirement. *Id.* at *7. Using *Black's Law Dictionary*, the court defined "actual fraud" as "a concealment or false representation through a statement or conduct that injures another who relies on it in acting." *Id.* at *7 (quoting BLACK'S LAW DICTIONARY 685 (8th ed. 2004)). The court concluded that the plaintiff's original petition naming the defendant as a Louisiana citizen was a "'false representation' that was made to conceal [the defendant's] true citizenship and was made by plaintiffs deliberately so that [the other defendant] would rely upon that statement to conclude it was unable to remove this matter because true diversity did not exist." *Id.* After the plaintiffs acknowledged that they were aware that the defendant was not a Louisiana citizen at the time they filed their petition, the court noted that the "plaintiffs have conceded that there was a deliberate 'false representation' made in the pleading itself." *Id.*

Based on *Augustine*, the court finds that "actual fraud in the jurisdictional facts" requires more than a mistake or omission in the pleadings. While courts have opined that motive or intent is not required, they were referring to the claim route of the fraudulent joinder doctrine, which is not at issue in the instant case. Although Coffman brought suit against the wrong Chevron entity, there is no evidence of "actual fraud" in an attempt to conceal the citizenship of the Chevron defendant. Further, Dole does not argue that Coffman intentionally mis-pleaded the facts in order for Dole to "rely upon that statement to conclude it was unable to remove" the case

because diversity did not exist. *See Augustine*, 2010 WL 4930317, at *7. Without any indication that Coffman purposefully included the wrong defendant in its petition or concealed the true citizenship of Chevron, Dole has not met its burden of proving fraudulent joinder. Recognizing the Fifth Circuit's reasoning that requiring consent from a party when the removing defendant asserts that no other proper defendant exists would be "nonsensical," *Jernigan*, 989 F.2d at 815, Chevron remains an active defendant in the instant case. As such, its consent was required for removal. Accordingly, Dole's removal was procedurally defective.

III. Conclusion

Based on the foregoing analysis, the court finds that because Dole's Notice of Removal was procedurally defective, this case was improvidently removed and a remand to state court is warranted. Accordingly, Coffman's Motion to Remand is GRANTED. An order remanding this action to the 60th Judicial District Court of Jefferson County, Texas, will be entered separately.

SIGNED at Beaumont, Texas, this 26th day of February, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE